Filed 8/15/14  P. v. Velez CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MIGUEL ANTONIO VELEZ,<br><br>    Defendant and Appellant. | A141580<br><br>(Lake County Super. Ct. Nos.<br>CR930756, CR931603, CR931883,<br>CR933683, CR934005) |

Appellant Miguel Antonio Velez, pursuant to a negotiated disposition, pled no contest to possession of a controlled substance and admitted violating conditions of probation in three other matters. He further admitted violating conditions of his post release community supervision in a fifth matter. The court terminated Velez's probation and sentenced him to serve four years and four months in the county jail. Velez does not challenge the validity of his plea, but seeks to appeal from his sentence.

Assigned counsel has submitted a *Wende*[1] brief, certifying that counsel has been unable to identify any issues for appellate review. Counsel also has submitted a declaration confirming that Velez has been advised of his right to personally file a supplemental brief raising any points which he wishes to call to the court's attention. No supplemental brief has been submitted. As required, we have independently reviewed the record. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)

---

[1] *People v. Wende* (1979) 25 Cal.3d 436.

1

# I.    BACKGROUND

## *Probation Matters*

In May 2013, three separate informations were filed alleging Velez's commision of several drug-related crimes in the fall of 2012.  Case No. CR930756 charged three crimes of possession:  methamphetamine (Health & Saf. Code, § 11377, subd. (a);[2] count 1); hydrocodone (§ 11350, subd. (a); count 2); and paraphernalia (§ 11364.1, subd. (a); count 3).  Case No. CR931603 charged possession of methamphetamine (§ 11377, subd. (a); count 1) and paraphernalia (§ 11364.1, subd. (a); count 2).  And case No. CR931883 lodged a single charge of possession of methamphetamine (§ 11377, subd. (a); count 1).  The district attorney alleged in case Nos. CR930756 and CR931603 that Velez had separately served two prior prison terms and was ineligible for probation (Pen. Code, §§ 667.5, subd. (b), 1203, subd. (e)(4)).  It was further alleged in case No. CR931603 that Velez had committed a felony while released from custody in case No. CR930756 (Pen. Code, § 12022.1).

On September 10, 2013, Velez entered pleas of no contest to felony possession of a controlled substance, as alleged in count 1 of each of case Nos. CR930756, CR931603 and CR931883.  Velez admitted the two prior prison terms (Nos. CR930756 & CR931603) and the Penal Code section 12022.1 enhancement (No. CR931603).  In each of the three cases, the court suspended imposition of sentence and placed Velez on Proposition 36 probation for a term of three years.  All remaining counts were dismissed.

## *Post Release Community Supervision/Probation Revocations*

At the time the above offenses were committed, Velez was under post release community supervision (PRCS) as a result of a February 2011 conviction for second degree burglary (Pen. Code, § 459).  On October 8, 2013, a new case (No. CR933683) was filed alleging that Velez violated his PRCS terms, and on the following day the probation department filed petitions alleging that Velez had violated probation terms in his three prior cases.

---

[2] Undesignated statutory references are to the Health and Safety Code.

*Case No. CR934005*

In a new information (case No. CR934005) filed on December 6, 2013, the district attorney alleged that on November 5, 2013, Velez possessed methamphetamine (§ 11377, subd. (a); count 1) and paraphernalia (§ 11364.1, subd. (a); count 2). The information further alleged that Velez had separately served two prior prison terms and was ineligible for probation (Pen. Code, §§ 667.5, subd. (b), 1203, subd. (e)(4)).

On January 21, 2014, pursuant to a negotiated plea agreement, Velez pled no contest to possession of a controlled substance as alleged in count 1.[3] He admitted violating conditions of his probation in case Nos. CR930756, CR931603 and CR931883, and admitted violating his PRCS conditions in case No. CR933683.

*April 7, 2014 Sentencing*

In case No. CR931603, the court terminated Velez's probation and sentenced him to serve a stipulated term of four years and four months in the county jail, consisting of the lower term of 16 months on count 1, enhanced by two years for commission of the offense while released from custody in case No. CR930756, and enhanced by one year for one of Velez's two prior prison terms. The court struck the enhancement for the second charged prior prison term in order to effectuate the plea bargain and reach the stipulated term.[4]

---

[3] Prior to entry of his plea on January 13, 2014, Velez made a motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, seeking to replace his appointed counsel. The court denied the motion after hearing. We have reviewed the transcript of the hearing. Even assuming that denial of the preplea motion would be properly cognizable in this appeal, no arguable issue is shown.

[4] The court orally indicated that it was "staying the one year [enhancement] on the second prior prison term" in order to effectuate the plea agreement. The minutes reflect that "[t]he court GRANTS the request of both counsel to strike a prior prison term." The enhancement under Penal Code section 667.5 cannot be stayed and is mandatory unless the additional term is stricken. (*People v. Langston* (2004) 33 Cal.4th 1237, 1241; *People v. Garcia* (2008) 167 Cal.App.4th 1550, 1561.) While the oral pronouncement would ordinarily control (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385), we give effect to the written order to avoid what would otherwise be an unauthorized sentence.

In case Nos. CR934005, CR930756, and CR931883, the court sentenced Velez to the middle term of two years on count 1 in each case, concurrent with the sentence in case No. CR931603. In case No. CR934005, the court dismissed count 2 and struck the two prior prison terms alleged in that case. In case No. CR933683, the court terminated Velez's PRCS as unsuccessful.

On April 9, 2014, Velez filed a timely notice of appeal in each case.

## II.    DISCUSSION

Velez did not seek a certificate of probable cause (Pen. Code, § 1237.5; Cal. Rules of Court, rule 8.304(b)) to challenge his plea, and thus no issue relating to Velez's pleas are cognizable. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1099.)

Moreover, the sentence imposed was consistent with the terms of Velez's plea agreement. Failure to obtain a certificate of probable cause also precludes him from contesting a negotiated sentence because he is in effect challenging the validity of the plea. (*People v. Panizzon* (1996) 13 Cal.4th 68, 76, 78–79.) "[B]y contesting . . . the very sentence he negotiated as part of the plea bargain, defendant is, in substance, attacking the validity of the plea." (*Id.* at p. 78; see also *People v. Johnson* (2009) 47 Cal.4th 668, 678 ["[e]ven when a defendant purports to challenge only the sentence imposed, a certificate of probable cause is required if the challenge goes to an aspect of the sentence to which the defendant agreed as an integral part of a plea agreement."].)

No arguable issues are presented.

## III.    DISPOSITION

The judgments are affirmed.

_____
Bruiniers, J.

We concur:


_____
Simons, Acting P. J.


_____
Needham, J.

5